51 F.3d 284
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael L. WILLIAMS, Defendant-Appellant.
 No. 94-30262.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 7, 1995.*
Decided March 10, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael L. Williams appeals his conviction and the 118-month sentence imposed following his plea of guilty to armed bank robbery and possession of a firearm during the commission of a crime of violence in violation of 18 U.S.C. Secs. 2113(a), (d), and 924(c). Williams claims the district court erred by increasing his base offense level for restraining a victim pursuant to U.S.S.G. Sec. 2B3.1(b)(4)(B). We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Williams contends the district court should not have enhanced his sentence because he did not "physically restrain" a teller within the meaning of U.S.S.G. Sec. 1B1.1. We disagree.
 
 
 4
 We review de novo a district court's interpretation of the Sentencing Guidelines. United States v. Foppe, 993 F.2d 1444, 1452 (9th Cir.1993). The Application Notes to the Guidelines define "physically restrained" as "the forcible restraint of the victim such as by being tied, bound, or locked up." U.S.S.G. Sec. 1B1.1, comment. n. 1(i). We have upheld the application of this enhancement to a case in which the defendant "confronted an elderly female customer [who was seated] ..., grabbed her around the neck ...[,] shoved a hard object into her back, ... kicked the chair out from underneath her and dragged her by the neck toward a gate that led to the teller station." See id.
 
 
 5
 Here, shortly after entering the bank, Williams discovered a teller in an upstairs room telephoning for help. He pointed a gun at her head and said, "hang up that phone." He then grabbed the teller's hand and forced her down the stairs. When they reached the bottom, Williams jerked the teller's hand hard enough to throw her to the ground. In light of Foppe, we hold that this conduct constituted restraint within the meaning of the Guidelines. See id. Accordingly, we affirm.[1]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Williams' request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Williams' motion to dismiss his counsel and his request to consider his supplemental pro se brief are denied. See Jones v. Barnes, 463 U.S. 745 (1983) (counsel need not advance every argument, regardless of merit, urged by appellant)